IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM M. SCHARNBERG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:17-cv-1631-M |
| | § | |
| THE DALLAS OPERA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (ECF No. 5). For the reasons stated below, the Motion is **GRANTED**.

### I.  Factual & Procedural Background

On April 17, 2017, Plaintiff William M. Scharnberg filed suit in Texas state court, asserting claims of age discrimination and retaliation under the Texas Commission on Human Rights Act ("TCHRA") against the Defendant, the Dallas Opera. Scharnberg alleges he began working for Defendant's orchestra in September 1985, and enjoyed a successful career with the Dallas Opera. Scharnberg alleges that starting in 2010, Defendant's CEO and conductor engaged in a pattern and practice of replacing older, experienced musicians with younger, inexperienced musicians. On June 16, 2014, the conductor gave Scharnberg a written warning, the first of Scharnberg's career. At the end of the 2014-15 season, Defendant fired Scharnberg. Pursuant to the Master Collective Bargaining Agreement ("CBA") between Scharnberg and the Dallas-Fort Worth Professional Musicians Association, Local 72-147, Scharnberg exercised his right to appeal his dismissal to the appeals committee. The CBA articulates how the appeals committee

1

will be selected, and that if the committee votes to oppose the employer's action, the employee will be reinstated. The appeals committee voted to overturn Scharnberg's dismissal, thereby reinstating his employment. On May 12, 2016, Defendant fired Scharnberg again. He appealed that decision, but this time the appeals committee upheld the dismissal. Scharnberg alleges he was fired due to his age and notes that he was replaced by a player in his twenties. Defendant maintains Scharnberg was dismissed for artistic reasons.

On June 20, 2017, Defendant removed the case to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Defendant's notice of removal admitted Scharnberg alleged no claims under federal law, but argues Plaintiff's state law claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), [1] because the claims require the Court to interpret the CBA. On July 12, 2017, Scharnberg filed a Motion to Remand (ECF No. 5).

## II. Legal Standard

Under the well-pleaded complaint rule, a plaintiff's federal law claims usually must appear on the face of the complaint for federal question jurisdiction to exist. *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012). However, the complete preemption doctrine presents a narrow exception to that rule. *Id*. The Supreme Court has applied the complete preemption doctrine to section 301 of the LMRA when a state law claim is "substantially dependent upon the analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 2220 (1985). There is no LMRA preemption when state law claims do not depend on interpretation of the CBA. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 409-10 (1988). The Fifth Circuit has clarified that no

---

[1] 29 U.S.C. § 185

CBA interpretation is required when the Defendant does not identify any CBA provision in dispute and the claims do not "turn" on the CBA. *Carmona v. Southwest Airlines Company*, 536 F.3d 344 (5th Cir. 2008).

To establish a *prima facie* case of age discrimination under the TCHRA, Plaintiff must prove that he: 1) is a member of a protected class; 2) was discharged; 3) was qualified for the position from which he was discharged; and 4) was either replaced by someone outside the protected class, replaced by someone younger, or was otherwise discharged because of his age. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 356 (5th Cir. 2005). The Dallas Opera argues that the third element of his *prima facie* case, relating to whether he was qualified for the job, requires an interpretation of the CBA.

### III. Analysis

Scharnberg makes two allegations to support his claim that he was qualified: first, he had been a principal horn player with the Dallas Opera for thirty years; and second, the appeals committee unanimously voted to overturn the Dallas Opera's initial termination decision. The Dallas Opera argues that in relying on the first appeals committee vote, Plaintiff invokes the CBA and that the Court must interpret whether that vote meant Plaintiff was qualified under the TCHRA.

Scharnberg's TCHRA claims are based on rights under state that are law independent of the CBA. *McKnight*, 676 F.3d at 433. There is no CBA provision in dispute or in need of interpretation. Instead, there is a fact question over whether Scharnberg was qualified for the job. This fact question "does not turn on the meaning of any provision of a collective-bargaining agreement…[and] the state-law remedy in this case is 'independent' of the collective-bargaining agreement…for § 301 preemption purposes." *Lingle*, 486 U.S. at 407. Although Scharnberg

invoked a provision of the CBA to regain employment after his first termination, it does not follow that the Court must interpret the CBA for his age discrimination claim arising out of his second termination. The relevant inquiry is whether the Dallas Opera's defense "requires interpretation of the CBA, not simply whether the CBA will be referred to." *CareFlite v. Office & Prof'l Employees Intern. Union, AFL-CIO*, 766 F. Supp. 2d 773, 779 (N.D. Tex. 2011) (citing *Carmona*, 536 F.3d at 349). The CBA articulates only the appeals procedure and voting process; besides reinstatement, the CBA does not describe the legal ramifications of the appeals committee's decision. Here, the fact-finder can adjudicate the age discrimination claim without consulting the CBA.[2] Supreme Court precedent dictates that as long as the "state law claim can be resolved without interpreting the agreement itself, the claim is independent of the agreement." *Id*. at 409-10.

The Dallas Opera argues this case resembles *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485 (5th Cir. 1996), where the Fifth Circuit found a state law race discrimination claim to be preempted by the LMRA. There, however, plaintiff's claim "turned on questions of promotion, seniority, and assignment to training programs, all of which [were] provided for in the CBA, and…the plaintiff directly challenged his employer's rights under the CBA." *Carmona*, 536 F.3d at 350. The fact pattern in *Reece* required the court to interpret the CBA, but that is not the case here. Scharnberg's TCHRA claims do not require an interpretation of the CBA, and therefore are not preempted by the LMRA.

---

[2] The Dallas Opera also argues the Court must interpret the provision of the CBA addressing younger musicians and auditions. However, this provision is not relevant to and is independent from Scharnberg's TCHRA claims. The Court finds it does not need to interpret this provision to adjudicate the TCHRA claims.

4

## IV. Conclusion

For the reasons stated above, the Court finds the CBA is independent of Scharnberg's TCHRA claims. Therefore, there is no LMRA preemption, and Plaintiff's Motion to Remand is **GRANTED**. The Clerk shall remand this case back to the 162nd Judicial District Court of Dallas County, Texas.

**SO ORDERED**.

August 7, 2017.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**